**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MIGUEL VASQUEZ, | No. 19-71344 |
| Petitioner, | Agency No. A205-721-495 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020**

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Jose Miguel Vasquez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the BIA's denial of a motion to reopen.  *Najmabadi v.*

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010).  We review de novo claims of due

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Vasquez's motion to reopen where he failed to establish prima facie eligibility for asylum, withholding of removal, or CAT protection. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) ("The BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief."). We lack jurisdiction to consider Vasquez's contention that the BIA should revisit its determination that he has been convicted of a particularly serious crime. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

Vasquez's contention that the BIA denied him due process by failing to determine expressly whether to reopen proceedings sua sponte fails, because he did not demonstrate that he was prejudiced by that error. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim); *see also Bonilla v. Lynch*, 840 F.3d 575, 585 (9th Cir. 2016) (recognizing that the BIA's authority to reopen sua sponte is limited to exceptional situations and "is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations" (citation and internal quotation marks omitted)).

On October 22, 2019, the court granted a stay of removal. The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**